IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | | |
|---|---|---|
| Richard Justin Stoppelmoor, | ) | |
| | ) | |
| Plaintiff, | ) | File No. _____ |
| | ) | |
| vs. | ) | |
| | ) | **COMPLAINT AND JURY** |
| Union Pacific Railroad Company, a | ) | **TRIAL DEMAND** |
| corporation, and EXCO, Inc., a corporation, | ) | |
| | ) | |
| Defendants. | ) | |

COMES NOW, Plaintiff, Richard Justin Stoppelmoor. by and through his undersigned counsel brings this action for damages against Defendant's Union Pacific Railroad Company "UPRR" and Exco, Inc., as follows:

## NATURE AND CAUSE OF ACTION

1.   Plaintiff brings this action under the provisions of Title 45, Sections 1-60 of the United States Code, regulations promulgated under the authority of those sections, and other federal railroad safety laws which have been incorporated therein by decision, of which Sections 1 through 60 are commonly known and referred to as the Federal Employers' liability Act, and under the terms of that Act this Court has jurisdiction, pursuant to 45 U.S.C. § 56 and 28 U.S.C. § 1331.

## PARTIES

2.   Plaintiff Richard Justin Stoppelmoor is and was at all relevant times an adult resident, citizen of Iowa.

3.   At all times herein mentioned Defendant UPRR was a corporation engaged in the

business of owning, maintaining and operating a line and system of railroad which extended in part through the main line track in Clinton, Iowa.

## JURISDICTION AND VENUE

4.  This matter in controversy in this civil action exceeds the sum of value of $75,000, exclusive of costs and interest as to Defendants.

5.  Venue is proper in this District pursuant to 28 U.S.C. § 56 and 28 U.S.C. § 1331, because Defendant is an interstate carrier by rail and was engaged in interstate transportation and commerce.

## CAUSES OF ACTION -- FELA NEGLIGENCE

6.  At the time of the occurrence for which this action is brought, Plaintiff was employed by the Defendant UPRR herein as its servant and employee of EXCO, Inc. and part or all of Plaintiff's duties were in the furtherance of interstate commerce or directly, closely and substantially affected interstate commerce.

7.  Both Plaintiff and his employers, the Defendants herein, were engaged in interstate commerce within the meaning of the Federal Employers' Liability Act and their mutual rights and liabilities were governed and controlled by that Act at the time of the occurrence for which this action is commenced.

8.  On or about June 16, 2008, at approximately 11:00 a.m., Plaintiff was engaged in performing the duties of his employment, in or about the Defendants' main line track in Clinton, Iowa.

9.  Plaintiff received medical treatment for his injuries, in part, in Clinton, Iowa.

10. At the time and place aforementioned, and as a result of the negligence of Defendants, Plaintiff was caused to be struck by a clip that snapped off of a panel section,

striking him on the left side of his head, causing injuries to his left side of his head and left eye.

11.     At the time and place aforesaid, Defendants, by and through their agents and employees, was then and there guilty of negligence in violation of the Federal Employers' Liability Act, Title 45, Section 51-60 of the United States Code.

12.     The negligence of Defendants in whole or in part contributed to injure Plaintiff, both externally and internally, in and about his left eye and left side of head, with resultant past, present and future pain, suffering, discomfort, physical impairment, anxiety, total disability, permanent partial disability, diminution of earning capacity, loss of enjoyment of living, medical and hospital expense, wage and benefit loss, and mental and emotional distress injury some of which conditions are permanent in nature.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in his favor against Defendants as follows:

a. Economic and non-economic damages in excess of $75,000 as provided by law and to be supported by the evidence at trial;

b. Loss of wages and benefits in the past and loss of future wages and earning capacity in the future;

c. Reasonable and necessary medical and other health care related expenses in the past and future;

d. Physical pain and suffering in the past and future;

e. Physical impairment in the past and future;

f. Mental anguish that in reasonable probability will be suffered in the future;

g. Exemplary and punitive damages;

h. Costs to the court;

    i.       Attorneys' fees;

    j.       Prejudgment and post judgment interest; and

    k.      Such other legal and equitable relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff requests a trial by jury.

Dated: June 15, 2011

                LARRY HELVEY LAW FIRM

                By: /s/ Larry D. Helvey M.D. J.D.
                Larry D. Helvey AT0003424
                2735 1st Avenue SE, Suite 110
                Cedar Rapids, Iowa  52402
                Telephone:  319-362-0421
                Facsimile:  319-362-3496
                E-mail:  lhelvey@helveylaw.com

                And

                Russell A. Ingebritson
                INGEBRITSON & ASSOCIATES, P.A.
                IDS Center
                80 South 8th Street, Suite 2030
                Minneapolis, MN 55402
                Telephone:  (612) 340-8290
                Facsimile:  (612) 342-2990
                Email:  Russinge47@aol.com
                *Pro Hac Vice Pending*

                COUNSEL FOR PLAINTIFF